No. 26-1720

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| BROOKE MOSHER, | ) | Appeal from the United States |
| | ) | District Court for the Southern |
| Plaintiff-Appellant, | ) | District of Illinois |
| | ) | |
| v. | ) | No. 3:23-cv-02384-RJD |
| | ) | |
| JENNIFER CLAYTON and | ) | |
| JACQUELYN AUSTIN, | ) | The Honorable |
| | ) | REONA J. DALY, |
| Defendants-Appellees. | ) | Magistrate Judge Presiding. |

**DEFENDANTS-APPELLEES' RESPONSIVE JURISDICTIONAL MEMORANDUM**

Per this court's order of May 29, 2026, Defendants-Appellees Jennifer Clayton and Jacqueline Austin provide the following responsive jurisdictional memorandum. For the reasons that follow, this court should dismiss this appeal for lack of appellate jurisdiction.

1. Plaintiff-Appellant Brooke Mosher brought this action on July 11, 2023, *see* Docs. 1-6, alleging various claims under 42 U.S.C. § 1983 that Clayton and Austin had violated her constitutional rights, Doc. 14 (describing allegations).

2. On March 9, 2026, the district court granted summary judgment to Clayton and Austin on all of Mosher's claims, thereby disposing of all claims against all parties. Doc. 142. The same day, a separate judgment order was entered on the district court docket pursuant to Fed. R. Civ. P. 58. Doc. 143. No motion to alter or amend the judgment was filed.

3. On April 9, 2026, Mosher filed a notice of appeal. Doc. 144. The notice of appeal was entered on the district court docket on that date, and Mosher dated the notice of appeal on April 9, as well. *Id.* Likewise, the district court clerk's office stamped the notice of appeal as "filed" on April 9, though the document bore a similar "filed" stamp dated April 4, 2026, which was manually crossed out before it was scanned and added to the district court docket. *Id.*

4. On April 10, 2026, this court entered an order stating that appellate jurisdiction appeared to be lacking because the notice of appeal had not been filed within 30 days of the judgment being appealed. 7th Cir. Doc. 2. The court noted that judgment was entered on March 9, 2026, and the notice of appeal was filed 31 days later, on April 9. *Id.* The court directed Mosher to file a brief memorandum stating why this appeal should not be dismissed for lack of appellate jurisdiction. *Id.*

5. On May 5, 2026, this court ordered Mosher to show cause for her failure to respond to the April 10, 2026 order, and directed Mosher to file her response by May 19, 2026. 7th Cir. Doc. 4.

6. On May 29, 2026, after Mosher did not file a response to the court's orders, this court entered an order directing Clayton and Austin to file a brief memorandum addressing the jurisdictional issue raised in the court's April 10 order. 7th Cir. Doc. 5.

7. This court should dismiss this appeal for lack of jurisdiction. A notice of appeal must be filed within 30 days of the entry of the district court's judgment. 28 U.S.C. § 2107(a). This 30-day time limit is jurisdictional. *Hamer v. Neighborhood*

*Hous. Servs. of Chi.*, 583 U.S. 17, 25-26 (2017). "Failure to comply with a jurisdictional time prescription . . . deprives a court of adjudicatory authority over the case." *Id.* at 20.

8. Here, the judgment was entered on March 9, 2026. Doc. 143. Mosher's notice of appeal was therefore due on April 8, 2026, which was 30 days later. *See* 28 U.S.C. § 2107(a). But she filed her appeal on April 9, 2026, Doc. 144, one day after that deadline. Mosher therefore "fail[ed] to comply with a jurisdictional time prescription," which deprives this court of "adjudicatory authority over the case." *Hamer*, 583 U.S. at 20.

9. Although the notice of appeal also bears a crossed-out file stamp of April 4, 2026 — a Saturday — there are no indicia that the notice of appeal was actually filed earlier than April 9. To the contrary, Mosher herself dated the notice of appeal on April 9. Doc. 144. The clerk's office likewise stamped the document as having been filed on April 9 and entered the notice of appeal on the docket on that date. *Id.* And Mosher has never claimed that the notice of appeal was filed on April 4, despite receiving an opportunity to do so. *See* 7th Cir. Docs. 2, 4-1. The crossed-out April 4 file stamp thus represents a typographical error, which the clerk's office corrected on its own before adding the document to the docket.

10. Nor is this a case where the time to file a notice of appeal was extended. 28 U.S.C. § 2107(c) permits a district court to extend the time to file a notice of appeal (1) "upon motion" within 30 days of the deadline, if the litigant shows "excusable neglect or good cause," or (2) "if the district court finds" that a party did

not receive notice of the judgment. 28 U.S.C. § 2107(c). These are the only circumstances in which a court has the statutory authority to extend the time to file a notice of appeal. *Nestorovic v. Metro. Water Reclamation Dist. of Greater Chi.*, 926 F.3d 427, 431 (7th Cir. 2019). This section does not apply here. First, Mosher did not file a motion seeking to extend the time to appeal, nor did she attempt to show "excusable neglect or good cause." 28 U.S.C. § 2107(c). Second, the district court did not make any finding that Mosher did not receive notice of the judgment, nor did Mosher attempt to make such a showing.

11. Consequently, this court should dismiss the appeal for lack of jurisdiction because Mosher did not file her notice of appeal within the time limit prescribed by 28 U.S.C. § 2107. *See Hamer*, 583 U.S. at 20; *Bowles v. Russell*, 551 U.S. 205, 213 (2007).

Respectfully submitted,

KWAME RAOUL
Attorney General
State of Illinois

By: /s/ Leigh J. Jahnig
LEIGH J. JAHNIG
Assistant Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(312) 793-1473 (office)
(773) 590-7877 (cell)
Leigh.Jahnig@ilag.gov

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on June 11, 2026, I electronically filed Defendants-Appellees' Responsive Jurisdictional Memorandum with the Clerk of United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

I further certify that the other participant in this case, named below, is not a CM/ECF user. She thus will be served by placing a copy of said document in an envelope bearing proper prepaid postage and directed to the address indicated below and depositing the envelope in the United States mail at 115 South LaSalle Street, Chicago, Illinois, 60603, before 5:00 p.m. on June 11, 2026.

Brooke Mosher
144 Greenview Street
Wood River, IL 62095

/s/ Leigh J. Jahnig
LEIGH J. JAHNIG
Assistant Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(312) 793-1473 (office)
(773) 590-7877 (cell)
Leigh.Jahnig@ilag.gov